UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARMEEN DENISE WASHINGTON,<br><br>                  Plaintiff,<br><br>-against-<br><br>COIXIE GREEN STATE PRISON; PRISONER TEMAINE HAMILTON; SHERRAINA S. WASHINGTON; IAN DAVIS,<br><br>                  Defendant. | 24-CV-0575 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Charmeen Denise Washington brings this action *pro se*. By order dated May 17, 2024, the Court granted Plaintiff request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the

"special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Charmeen Denise Washington filed her complaint, invoking the court's federal question jurisdiction. Named as Defendants are "Coixie Green State Prison," which the Court understands to be either Coxsackie Correctional Facility or Green Haven Correctional Facility; Temaine Hamilton; Sherraina S. Washington; and Ian Davis. Plaintiff alleges that Defendants violated "The rights to Bair Arms, Civil Rights in General, Identity theft."[1] (ECF No. 1 at 2.) She further alleges that, in the "year of 2013,"

> Temaine Hamilton tryed to rape me after his cousin Raped me and my half Aunt gave Sherrainia S. Washington gave the Prisoner my Biological Federal Name and

---

[1] The Court quotes from the complaint verbatim. All capitalization, grammar, punctuation, and spelling are in the original unless otherwise indicated.

2

> Address to my Grandmother Sheila A. Washington Apartment Address 1830 Apartment 5J that my further Claims while taking care of his mother.
>
> Kevin Ross Handed me the Oversized Black White and red Pocket knife that was illegally taken out of the evidence room after Temaine Hamilton was sentenced for Burglary And when I asked Ian Davis what do I do with the knife He said he don't know. He did Not lead me Charmeen Denise Washington as a lawyer at the time to the Nearest Pricint. I left it in the Phone Booth of the Metrotech Jay Street Phone Booth.

(*Id.* at 5.)

In the section of the form complaint that asks Plaintiff to describe her injuries, Plaintiff writes:

> Illegal Implants, Harrasment from prosicutor at lenox Hill Hospital and Privacy Policy as well as segrigation. Im a law abiden Citizen. and I was under 21 year of Age and Never told him my name or address. Vaginal Tarring. Job loss and Electrocution from EMG Remote – families lives.

(*Id.* at 6.) Where asked Plaintiff to state the damages she seeks, Plaintiff writes, "2.4 Trillion Dollars to Be distributed with the United Nations for my suffering Family And The United States of America." (*Id.*)

## DISCUSSION

**A.     Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P.

3

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . ..").

### 1. Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claim must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal jurisdiction, without pleading any facts demonstrating that the claim has a basis in federal law, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff has not alleged any facts demonstrating a viable federal claim. Thus, the Court does not have federal question jurisdiction of Plaintiff's claim.

### 2. Diversity of Citizenship Jurisdiction

The federal court does not have jurisdiction of state law claims Plaintiff seeks to assert unless she can show diversity of citizenship. To establish diversity of citizenship jurisdiction, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in

the complaint that both she and Defendants reside in New York, precluding complete diversity of citizenship.

Because, as explained above, Plaintiff does not allege a valid federal claim, this court can exercise jurisdiction of any state law claims against Defendant only if it possesses diversity of citizenship jurisdiction. Because Plaintiff has provided information that all parties are from New York, the parties are not diverse. Accordingly, the Court does not have such jurisdiction of the claim.

**B.      Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has not pleaded any facts suggesting that there is a basis for this Court to exercise subject matter jurisdiction of Plaintiff's claims, the Court declines to grant Plaintiff leave to amend his complaint.

**C.      Litigation History**

After previously warning Plaintiff that the further filing of cases of which the court lacked subject matter jurisdiction may result in an order barring her from filing new actions IFP in this court without prior leave of court, on January 16, 2024, the Court directed Plaintiff, within 30 days, to show cause by declaration, why she should not be barred from filing further actions IFP in this court without prior permission. *Washington v. Prof'l Claims Bureau*, ECF 1:23-CV-9592, 4 (S.D.N.Y. Jan. 16, 2024). Plaintiff did not file a declaration, and on March 4, 2024, the Court barred Plaintiff from filing any future civil action in this court IFP without first obtaining leave to file. *Id*., ECF No. 5. This action was filed before the bar order was issued.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   June 10, 2024
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge